IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:02-cr-00277-TLW-1 |
| v. | **Order** |
| Carl Lenny Richardson | |

Defendant has filed a "Motion for Account Evaluation" in which he asks the Court for "an account evaluation and audit of amounts due as part of Special Penalty Assessment and Victim Restitution," as he believes he "may be overpaid on total account credits."  ECF No. 38.  He has included an account report from the clerk's finance office, on which he has noted that he does not understand a portion of the report that states that the amount owed for a particular payee is $0.00, but the amount paid for that payee is $22.13.  ECF No. 38-1 at 1.  The Court has consulted with the finance office about this matter.

As reflected on the Judgment, in addition to a $200 special assessment, Defendant had two restitution payees:  Mid-State Petroleum, Inc. for $245.33 and Pantry, Inc. for $31.83, for a total restitution amount of $277.16.  ECF No. 30 at 5.

Between April 2005 and March 2007, Defendant sent eight checks for $25 each to the finance office, which paid off his $200 special assessment.

Defendant then sent a restitution check for $25 to the finance office on March 11, 2008.  In proportion to the restitution amount owed to each payee, the finance office sent Mid-State a check for $22.13 and sent Pantry a check for $2.87, both on May 14, 2008.  However, the finance office's check to Mid-State was returned unclaimed on June 10, 2008.

Defendant then sent three more $25 checks to the finance office on June 10, 2008, December 11, 2008, and March 10, 2009.  Out of these checks, the finance office sent Pantry a

1

2

check for $8.61 on May 27, 2009.

Defendant then sent three more checks:  $25 on June 9, 2009, $152.13 on August 12, 2009, and $0.03 on November 10, 2009.  Out of these checks, the finance office sent Pantry a check for $20.33 on May 28, 2010 and $0.02 on September 29, 2010.

Thus, Defendant made payments totaling $477.16.  Out of this amount, $200 was credited to his special assessment and $31.83 was sent to Pantry.  The remaining amount, $245.33, is the restitution owed to Mid-State.  That amount is in an unclaimed funds account because the check that the finance office sent to Mid-State on May 14, 2008 was returned unclaimed.  The entry on the report that he says he does not understand indicates that the check the finance office sent to Mid-State was returned unclaimed; it does not indicate that he paid more than what he owed.

Accordingly, Defendant's motion has no merit.  Additionally, it is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 20, 2015
Columbia, South Carolina